[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Some of the background facts relevant to this defendant's motion to modify or terminate visitation are not in dispute.
On February 2, 2001, this court granted the intervening grandparents, Richard and Patricia A. DeNardo five (5) days of visitation during the summer at their beach home with their eight (8) year old granddaughter, Courtney DeNardo. (d.o.b. 4/20/94). The court found this visitation to be in the child's best interest pursuant to § 46b-59 Connecticut General Statutes (Leheny, J.)
At a hearing held on August 23, 2002, this court sustained this five (5) day visitation order. On September 30, 2002, this court granted the defendant's (mother) motion to reargue without acting on the visitation order. (Petroni, J.)
The defendant's attorney's brief urges this court to terminate the visitation order in accordance with the U.S. Supreme Court decision inTroxel v. Granville, 530 U.S. 57 (June 5, 2000). The court found the visitation statute in the State of Washington unconstitutional and in violation of the due process clause of the U.S. Constitution. "[T]here is a presumption that fit parents act in the best interests of their children. . . . the law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions. More important, historically it has recognized that natural bonds of affection leads parents to act in the best interests of their children. . . . Accordingly, so long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." The Washington statute is similar to § 46b-59 Connecticut General Statutes, under which a court may grant visitation to intervening grandparents, or third parties, CT Page 13609 where a court finds facts and concludes that visitation is in the child's best interests.
The Connecticut Supreme Court adopted the decision in Troxel supra inRoth v. Weston, 259 Conn. 202, 228-29 (January 29, 2002) and Crockett v.Pastore, 259 Conn. 240 (January 29, 2002). The Roth v. Weston decision supra was affirmed in Clement v. Jones, 71 Conn. App. 688
(Conn. Law Journal August 20, 2002) and in Chenard v. Chenard, Superior Court August 16, 2002 (Berdon, J.) The decisions hold that the best interests of the child standard in § 46b-59 Connecticut General Statutes no longer warrants intrusion by the State and is unconstitutional in violation of Article First Section 8 of the Connecticut Constitution. An intervening grandparent or third party must allege and prove by clear and convincing evidence and a court must find (1) a parent-child relationship exists between the child and the grandparent or third party and (2) the denial of visitation to them would result in significant harm to the child analogous to the child being neglected, uncared for, or dependent as defined by §§ 46b-120 and 46b-129 Connecticut General Statutes. There was no allegation or any evidence presented by the grandparents that the defendant mother was an unfit parent nor that denial of visitation would result in significant harm to the child.
The attorney for the grandparents argues that the U.S. Supreme Court decision in Troxel v. Granville, supra, and the Connecticut Supreme Court decisions in Roth v. Weston, supra and in Crockett v. Pastore, supra, do not apply to existing visitation orders entered prior to these decisions. They apply only to future visitation orders and that prior orders are protected by § 55-3 Connecticut General Statutes and byDarak v. Darak, 210 Conn. 462, 473. They do not apply retroactively in modification of visitation orders entered prior to these decisions nor do they change the burden of proof standard which still rests on the movant.
These agruments are not persuasive. The court finds the best interest of the child standard in § 46b-59 Connecticut General Statutes is no longer applicable in either original visitation orders or in motions to modify visitation or custody orders. A fit parent has the constitutional right to raise a child without intervention by the State. The standards to be applied are set forth in Roth v. Weston, supra, Crockett v.Pastore, supra which were affirmed in Clements v. Jones, supra andChenard v. Chenard, supra.
For all of the foregoing reasons, the defendant's motion to modify and terminate the grandparents' visitation is granted. This court's order of August 23, 2002 confirming the five (5) days of visitation to the grandparepts is vacated and said order is hereby terminated.
PETRONI, J.T.R. CT Page 13610
[EDITORS' NOTE: This page is blank.] CT Page 13611